■ CREATIVE TYPE COMPOSITION SERVICE, INC., Respondent, v. GRAPHIC ARTS MUTUAL INSURANCE Co., Appellant.— Order, Supreme Court, New York County, entered July 21, 1971, granting plaintiff's motion for summary judgment and directing an assessment of damages, is unanimously reversed, on the law, and the motion denied. Defendant-appellant shall recover of plaintiff-respondent $50 costs and disbursements of this appeal. In order to recover under the policy herein, plaintiff must prove that a burglary occurred coming within the definition of the policy. The policy, insofar as relevant herein, defines burglary as "the felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence, of which force and violence there are visible marks  *  *  * or physical damage to, the exterior of the premises at the place of such entry". Plaintiff occupies the entire third floor of a six-story brick commercial building. It appears that access is gained to the plaintiff's premises through an elevator which has elevator locks, which when unlocked permit the elevator doors to open onto the desired floor. It also appears that on the third floor there is an accordion-type door located a few inches in front of the elevator door. With respect to the alleged burglary, it is conceded that a question of fact exists as to whether there were visible marks of forced entry on the accordion door. However, the plaintiff urges that it was established that there was physical damage in the elevator cab, and therefore, that the loss comes within the scope of provisions in the policy. It is to be noted that the record is not clear as to physical damage to the elevator door, as distinguished from damage to the elevator cab. Aside from the fact that the only evidence of damage to the interior of the cab comes from the statements by the plaintiff's president and a mere reference to the police report, we do not believe that upon this record it can be said that either the elevator cab or elevator door can be said to be "the exterior of the premises". In this respect, it may very well be that the accordion door was in fact "the exterior of the premises", constituting the place of entry. Further evidence is required as to the nature and use of the accordion door before it can be said that an elevator which ordinarily is open to use by the general public constitutes "the exterior of the premises", as contemplated by the policy. A full trial is necessary to explain more fully the condition of this commercial building with relation to any other entrances which may lead to the subject premises. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.

(Republished)

■ THERMASOL, LTD., Respondent, v. SUNROC CORPORATION, Appellant.— Order, Supreme Court, New York County, entered November 8, 1971, granting protective order, unanimously reversed, on the law and the facts, the motion denied, and discovery directed to proceed in accord with defendant's notice. Appellant shall recover of respondent $30 costs and disbursements of this appeal. Defendant on examination before trial obtained some 311 invoices purporting to show plaintiff's damages. Defendant asserts to several discrepancies in these invoices which challenge their validity and seeks a discovery of the underlying books recording these invoices. We believe that sufficient has been shown to warrant this investigation. A request for a discovery of plaintiff's income tax returns has been withdrawn. Concur — Markewich. J. P.. Nunez, Kupferman, Murphy and Steuer, JJ. [38 A D 2d 702.]